UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Warrick Blandford, | ) | C/A No. 2:20-2880-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Will Haynie and John J. Tecklenburg, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Keith Warrick Blandford, a *pro se* litigant. Presently before the Court are two motions to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure: (1) a Second Motion to Dismiss filed by Defendant Will Haynie, ECF No. 44 ("Haynie's Motion"), and (2) a Second Motion to Dismiss filed by Defendant John J. Tecklenburg, ECF No. 46 ("Tecklenburg's Motion"). This Report and Recommendation is entered for review by the District Judge.[1]

## PROCEDURAL HISTORY

Plaintiff, proceeding pro se, filed his original Complaint in this Court on August 7, 2020, and his Amended Complaint on November 17, 2020. ECF Nos. 1 & 12. The Court issued an Order authorizing service of process on February 26, 2021. ECF No. 24. Plaintiff had until May 27, 2021, to effectuate service of process. *Id.* ("The Clerk of Court shall calculate the 90-day period for service of process under Rule 4(m) from the date on which the summonses are issued. *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review)."); ECF No. 25.

---

[1] All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C.

1

On May 5, 2021, Defendant Tecklenburg filed a Motion to Dismiss pursuant to Rules 12(b)(4) and (5) on the grounds of insufficient process and insufficient service of process. ECF No. 27. Defendant Haynie files a similar Motion to Dismiss the following day. ECF No. 31. Plaintiff filed a Response in Opposition on June 3, 2021, in which he stated although he served a copy of the summons upon each Defendant, he did not serve a copy of the Amended Complaint. ECF No. 38 at 1–3; *see id.* at 5–6 (executed affidavits of service). Plaintiff requested additional time to effectuate proper service of process. ECF No. 38 at 2–3.

The Court issued an Order granting Plaintiff an additional 45 days to serve process on Defendants in compliance with the Federal Rules of Civil Procedure, extending the deadline for service to July 29, 2021. ECF No. 41. The Court also mooted Defendants' pending motions as premature, with leave to refile after the extended deadline for service of process had expired. ECF No. 42.

On August 5 and August 9, 2021, Defendant Haynie and Defendant Tecklenburg, respectively, filed the second motions to dismiss currently pending before the Court. ECF Nos. 44 & 46. Each Defendant moves for dismissal on the basis of insufficient service of process, which they assert deprives the Court of personal jurisdiction over Defendants.

As Plaintiff is proceeding pro se, the Court entered a *Roseboro* Order on August 10, 2021, which was mailed to Plaintiff, advising him of the importance of a dispositive motion and of the need to file an adequate response. ECF Nos. 47 & 48. Plaintiff was specifically advised that if he failed to file a properly supported response, Defendants' Motions may be granted, thereby ending his case. Notwithstanding the specific warning and instructions as set forth in the Court's *Roseboro* Order, Plaintiff has failed to respond to either of the Second Motions to Dismiss or to contact the Court in any way. Plaintiff also has not filed any additional proof of service upon either Defendant.

Defendants each move, pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure, for an order dismissing the Amended Complaint, without prejudice, for insufficient service of process and lack of personal jurisdiction. ECF Nos. 44 & 46.

## **LEGAL STANDARD**

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4. A court has the discretion to dismiss a case under Rule 12(b)(5) for insufficient service of process. *Houck v. Low Country Health Care Sys., Inc.*, C/A No. 1:19-CV-02038-JMC, 2020 WL 2192714, at *2 (D.S.C. May 6, 2020).

The plaintiff bears the burden of establishing that service of process has been perfected in accordance with the requirements of Rule 4. *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)); *Elkins v. Broome,* 213 F.R.D. 273, 275 (M.D.N.C. 2003). "The real purpose of service of process is to give notice to the defendant, and mere technicalities should not stand in the way of consideration of a case on its merits." *Scott*, 673 F. App'x at 304 (internal quotation marks omitted) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988); *Karlsson v. Rabinowitz*, 318 F.2d 666, 669 (4th Cir. 1963)); *Heaton v. Stirling*, No. CV 2:19-0540-RMG, 2020 WL 729780, at *3 (D.S.C. Feb. 13, 2020).

However, actual notice is not the controlling standard. *Scott*, 673 F. App'x at 304. Therefore, although actual notice typically warrants liberal construction of the rules, they "are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Scott*, 673 F. App'x at 304.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citing *Armco*, 733 F.2d at 1089); *see also* Fed. R. Civ. P. 12(b)(2); *James v. Benjamin*, No. CV 3:17-491-MBS-PJG, 2019 WL 8757191, at *4 (D.S.C. Dec. 10, 2019), *report and recommendation adopted*, No. 3:17-CV-491-MBS-PJG, 2020 WL 1129830 (D.S.C. Mar. 6, 2020), *appeal dismissed*, 827 F. App'x 317 (4th Cir. 2020); *Peacock v. Dillon Cnty.*, No. 4:09-CV-3192-TLW-TER, 2010 WL 5137187, at *1 n.1 (D.S.C. Dec. 10, 2010).

## DISCUSSION

On June 3, 2021, Plaintiff filed affidavits of service from a service processor averring that that Defendants Haynie and Tecklenburg had been served with a "Notice of Electronic Filing, Order, [and] Summons in a Civil Action" on April 15, 2021, at their place of business. ECF No. 38-1 at 1–2. According to the additional comments, in each case, the documents were left with an assistant to the Defendant. *Id.*

It appears that service was attempted again on or about July 23, 2021. According to Tecklenburg's Motion, "suit papers were left at the City of Charleston Clerk of Council's Office without any cover letter" on or about July 23, 2021, which would be sufficient to effect service on the City, but not on Tecklenburg. ECF No. 46-1 at 2. Similarly, Haynie's Motion states that "someone left papers at the Town of Mount Pleasant Town Hall" on or about July 23, 2021. ECF No. 44-1 at 1. Plaintiff has not filed any proof of service related to the July 23 service attempts.

Rule 4(e) provides that a plaintiff must serve an individual within a judicial district of the United States either by (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, (C) delivering a copy of each

document to an agent authorized by appointment or by law to receive service of process, or (D) according to the law of the state in which the judicial district sits for serving a summons. Fed. R. Civ. P. 4(e)(2). South Carolina similarly requires service on an individual "by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process." S.C. R. Civ. P. 4(d)(1).

There is no indication that either Defendant was ever served personally, that the documents were served upon a person at either Defendant's abodes, or that the people with whom the papers were left at City Hall or Town Hall were authorized to receive service of process on behalf of either Defendant. Moreover, there is no proof in the record that either Defendant was ever served with the Amended Complaint, as required under Rule 4 of both the Federal and State Rules of Civil Procedure.[2]

---

[2] It may be that the "papers" left at City Hall and Town Hall in July contained the Amended Complaint; however, there is no evidence in the record from which to make this conclusion. As stated above, *see* Procedural History, *supra*, although the Court sent Plaintiff a *Roseboro* Order on August 10, 2021, specifically warning him that Defendants' Motions may be granted if Plaintiff failed to file a properly supported response, Plaintiff has failed to respond to either of the pending Motions to Dismiss, file any additional proof of service, or contact the Court in any way. After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Rule 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35–36 (4th Cir. 1990); *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (upholding dismissal of pro se plaintiff's claims and holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion). Accordingly, Rule 41(b) provides an alternative basis for dismissal without prejudice in this case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (explaining that federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

On this record, the undersigned finds that Plaintiff has not carried his burden of establishing that service of process was made in accordance with the requirements of Rule 4. *See Scott*, 673 F. App'x at 304. Consequently, the Court lacks personal jurisdiction over Haynie and Tecklenburg, who should be dismissed without prejudice. *See James*, 2019 WL 8757191, at *4 (citing *Koehler*, 152 F.3d at 306). Accordingly, the undersigned recommends that Defendants' Motions be granted and that the Amended Complaint against Defendants Haynie and Tecklenburg be dismissed without prejudice. *See Brown-Thomas v. Hynie*, 367 F. Supp. 3d 452, 461 (D.S.C. 2019) (explaining that "a federal court may not ignore the plain requirements of effecting service" and "may dismiss the complaint for failure to comply with Rule 4") (citations and internal quotation marks omitted).

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Haynie's Motion to Dismiss (ECF No. 44) and Tecklenburg's Motion to Dismiss (ECF No. 46) be **GRANTED** and that the Amended Complaint be **DISMISSED** without prejudice.

The parties are referred to the Notice Page attached hereto.

September 23, 2021  
Charleston, South Carolina

Molly H. Cherry  
United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).