# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Keith Warrick Blandford, ) | Civil Action No. 2:20-2880-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Will Haynie and John J. Tecklenburg, ) | |
| Defendants. ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") Defendants' motions to dismiss be granted. (Dkt. No. 49.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant Defendants' motions to dismiss.

**I.     Background**

Plaintiff proceeds *pro se* to bring claims under the First, Fifth and Fourteenth Amendments, alleging that without notice and opportunity to be heard, Defendants "arbitrarily enforced 'emergency order' decrees that are in direct conflict with the United States Constitution"; specifically, emergency orders that did not provide for compensation to certain business owners, such as the tourist industry business owned by Plaintiff's family member, Olga Blandford. Plaintiff seeks $5,000,000 in damages for lost income and having to "[p]rocess a deed in leu [sic] of foreclosure for property owned in Awendaw, SC; [s]uspend family health insurance; [s] suspend children's education; [l]iquidate assets to ensure company staff remained employed." Defendants are not sued in any specific capacity; Defendant Haynie is the Mayor of the Town of Mount Pleasant and Defendant Tecklenburg is the Mayor of Charleston. (Dkt. No. 12, 12-1.)

## II.     Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and therefore the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.   In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.    Discussion

Pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, Defendants each move to dismiss the amended complaint for insufficient process and insufficient service of process in comportment with Rule 4, resulting in the Court's lack of personal jurisdiction over them.  Rule 4(e) provides that a plaintiff must serve an individual defendant by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each document at the individual's dwelling or usual place of abode and with a resident of suitable age and discretion, delivering a copy of each document to an agent authorized by appointment or law to receive service or process, or according to the law of the state in which the district sits. Fed. R. Civ. P. 4(e)(2).  According to the law of South Carolina, service is proper on an individual in the same ways in which it is under Rule 4. S.C. R. Civ. P. 4(d)(1).  Rule 4(m)

provides that "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m). Additionally, Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court has inherent power to *sua sponte* dismiss an action under Rule 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Dismissal under Rule 41 may be with prejudice where the plaintiff "is not blameless" and "there was a long history of delay." *Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978).

The Magistrate Judge granted Plaintiff an extension of time to effectuate proper service of process of the amended complaint. (Dkt. No. 41.) The Magistrate Judge then issued a *Roseboro* Order notifying Plaintiff that failure to respond to Defendants' motions could result in dismissal. (Dkt. No. 47.) Defendant Tecklenburg states that "suit papers were left at the City of Charleston Clerk of council's Office without any cover letter" on or about July 23, 2021. (Dkt. No. 46-1 at 2.) Defendant Haynie states that "someone left papers at the Town of Mount Pleasant Town Hall" on or about July 23, 2021. (Dkt. No. 44-1 at 1.) Plaintiff filed no response with proof of service or to otherwise demonstrate that service somehow comported with Rule 4, nor did Plaintiff object to the R & R. The Magistrate Judge correctly concluded that there is no reasonable basis to find that Defendants have been served pursuant to Rule 4, which does not provided for service by papers left at an individual defendant's place of business. For that reason, this action must be dismissed.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 49.)  Defendants' motion to dismiss (Dkt. Nos. 44, 46) are **GRANTED** and the Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

October 14, 2021
Charleston, South Carolina